IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WILLIAM R. KNOWLES § | | |
| § | | |
| **Plaintiff** § | | |
| § | | |
| vs. § | | Civil Action No. 6:19-cv-00359-ADA-JCM |
| § | | |
| SANDERSON FARMS, INC. and § | | |
| SANDERSON FARMS, INC. § | | |
| (PROCESSING DIVISION) § | | |
| § | | |
| **Defendant** § | | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE COURT:

    WILLLIAM R. KNOWLES, Plaintiff, hereby files this, his First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) as it being filed within 21 days from the service of Defendant's Answer and a motion under Rule 12(b)(6), and shows the following:

1.    Plaintiff brings this premises liability case under the laws of the State of Texas against Defendant Sanderson Farms, Inc., the occupier or owner of the premises described below, and Defendant Sanderson Farms, Inc. (Processing Division), the owner or occupier of the premises described below.

2.    Plaintiff is an individual and a resident of San Antonio, Bexar County, Texas.

3.    Defendant Sanderson Farms, Inc. is a Mississippi corporation and has appeared in this cause by filing an Answer.

4.    Defendant Sanderson Farms, Inc. (Processing Division) is a Mississippi Corporation from whom a Waiver of Service of Summons is being requested pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.

5.    Venue is proper in this Court as the events, acts or omissions giving rise to Plaintiff's claims occurred in the County of McClennan, Texas, which is within this District.

6.    On or about January 10, 2018, Plaintiff was a business invitee upon the premises owned or occupied by Defendants at 301 Aviation Parkway in Waco, Texas by virtue of his employment with J.S. Helwig & Son, LLC, a company with which Defendants had a business relationship. Plaintiff was on the premises as a direct consequence of such business relationship.

7.    At all material times hereto, Defendants, collectively or separately, exercised control, or had the right to exercise control, over the subject premises as the owner or occupier of same.

8.    Plaintiff arrived on Defendants' premises during non-daylight hours and maneuvered his truck onto a loading dock on the subject premises. Once he parked his truck he attempted to exit when he suddenly and unexpectedly fell into a ditched adjacent to the dock causing several parts of his body to strike the bottom of the ditch and the ground surface.

9.    The ditch in question posed an unreasonable risk of harm to Plaintiff because it was not covered. Apparently, someone, presumably while acting on behalf of Defendants, removed the grate covers to the ditch and failed to replace them. This condition was further made unreasonably dangerous by Defendants' failure to provide adequate and proper lighting which could have allowed Plaintiff to see the ditch and avoid falling into it. It was additionally made unreasonably dangerous by Defendants' failure to provide any warning of the uncovered ditch.

10.   Defendants knew, or in the exercise of ordinary care, should have known of the existence of the unreasonably dangerous condition described above prior to Plaintiff's arrival on its premises.

11.   As Plaintiff was a business invitee on their premises, Defendants had the duty to exercise reasonable care to reduce or eliminate the risk of harm to Plaintiff created by the unreasonably dangerous condition described above. However, Defendants failed to so exercise such care.

12.     Defendants' failure to exercise reasonable care to reduce or eliminate the risk described above proximately caused Plaintiff to suffer the injuries described below.

13.     In addition to Defendants' failure to exercise reasonable care to reduce or eliminate such risk of harm to Plaintiff, Defendants failed to warn Plaintiff of the unreasonably dangerous condition existing next to an area upon which Plaintiff was required by his job to be.

14.     As a direct and proximate result of Defendants' failure to exercise reasonable care as described above, Plaintiff's fall caused him to suffer severe injuries to his legs, right shoulder and neck requiring extensive medical treatment. On or about November 11, 2018, Plaintiff underwent surgery to correct the problems he was experiencing in his neck. On or about April 29, 2019, he underwent surgery to his right shoulder to alleviate the symptoms he was experiencing due to the fall in question. Plaintiff has also received additional medical treatment for his injuries.

15.     As a consequence of the incident in question, Plaintiff has incurred reasonable and necessary medical expenses for his extensive medical treatment and in all reasonable probability, he will continue to so incur reasonable and necessary medical expenses in the future.

16.     As a further consequence of the incident in question, Plaintiff has suffered severe physical pain and mental anguish and in all reasonable probability will continues to so suffer physical pain and mental anguish in the future.

17.     As a further consequence of the incident in question, Plaintiff suffered severe physical impairment and in all reasonable probability will continues to so suffer physical impairment in the future.

18.     As a further consequence of the incident in question, Plaintiff has suffered a loss of earning capacity in the past and in all reasonable probability will continues to so suffer a loss of earning capacity in the future.

19. As a consequence of the incident in question and Defendants' failure to exercise reasonable care, Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this Court, for which he now sues.

20. In addition to the damages described above, Plaintiff is entitled to recover from Defendants, jointly or severally, prejudgment interest and post judgment interest at the rates prescribed by law.

21. Plaintiff has filed a separate demand for a jury trial but hereby re-asserts his demand for a jury.

## PRAYER

Plaintiff requests that Defendants be cited to appear and answer herein and that upon final hearing, he have and recover judgment against Defendants, jointly and severally, for such amounts as the trier of fact awards, together with prejudgment and post judgment interest as provided by law, along with such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

HUMBERTO G. GARCIA, PLLC
6243 IH-10 West, Suite 955
San Antonio, Texas 78201
Tel: 210-225-0909
Fax: 210-960-4604

By: /s/ Humberto G. Garcia
Humberto G. Garcia
Texas State Bar No. 07636620
hgarcia@outlook.com
hgarcia@salinastriallaw.com

## CERTIFICATE OF SERVICE

This shall certify that a true and correct copy of the foregoing instrument has this day been served upon the following individuals through the electronic filing system of the court and by the manner indicated below on this 19th day of June 2019:

Mr. Jim Herring
Mr. Markus Mataga
PAKIS, GIOTES, PAGE & BURLESON, P.C.
400 Austin Avenue, Suite 400
Post Office Box 58
Waco, Texas 76703-0058

ATTORNEYS FOR DEFENDANT

                                            */s/ Humberto G. Garcia*
                                            Humberto G. Garcia